POLEN, Judge.
Former Husband appeals and Former Wife cross-appeals from a final judgment modifying the parties’ 1981 Final Judgment of Dissolution of Marriage. The final judgment as modified increased Former Wife’s permanent periodic alimony from $2,500.00 per month to $9,350.00 per month retroactive to the date of filing the petition, and added the language “terminable on Former Husband’s death.” We affirm in part and reverse in part.
At the time of dissolution, the parties had been married sixteen years and had five minor children. Pursuant to a settlement agreement, Former Wife received custody of the children, $1,000.00 per month in child support, $2,500.00 per month in permanent periodic alimony, $1,000.00 per month in lump sum alimony for eleven years, and $1,000.00 per month for eight years to satisfy the mortgage payments. The agreement also provided that the alimony payments would continue until the remarriage or death of Former Wife, and would become binding on Former Husband’s estate in the event of his death.
In 1994, Former Wife filed a petition for modification, alleging that Former Husband’s income had substantially increased and that her needs had increased as well. By that time, all their children had reached majority. Former Husband represented that his net worth exceeded twenty million dollars and that he had the ability to pay any increased amount of alimony as ordered by the court. Former Wife, who was not working at the time of dissolution, represented she was currently employed and earned an income of approximately $34,000.00 per year.
After trial, the court granted Former Wife’s petition for modification. Based on the testimony of Former Husband’s expert, it found that general inflation, and cessation of child support, had increased Former Wife’s cost of living by seventy percent. Finding Former Husband had an increased ability to pay and that Former Wife had an increased need for support, it awarded Former Wife $9,350.00 in increased alimony. It would appear that the court arrived at that figure by multiplying the seventy percent inflation rate to the total amount of money Former Husband originally paid to Former Wife during the first years after the settlement agreement ($5,500.00 X 70% = $3,850.00), and then added that amount to her original total monthly support award ($5,500.00 + $3,850.00 = $9,350.00).
We believe the court correctly granted modification for an increase in permanent periodic alimony based in part on Former Husband’s stipulation that he could pay any increase and Former Wife’s evidence of an increase in her needs. However, to the extent the court applied the seventy percent inflation rate to Former Wife’s original $5,500.00 monthly award, instead of to $2,500.00 per month, we find error, for the original award included sums previously terminated by agreement. We further find error in that the final judgment fails to consider the effect, if any, of Former Wife’s newly found income on her needs. Finally, and as Former Husband, concedes, we agree the court erroneously added that such alimony would terminate on Former Husband’s death because the parties did not request that relief, and the original agreement speaks otherwise.
Accordingly, we reverse and remand this case with instructions that the court redetermine Former Wife’s needs, to consider her yearly income in computing the increase, and to exclude the reference that the award shall terminate on Former Husband’s death. As to the parties’ other arguments on appeal and cross-appeal, we affirm as unpersuasive.
AFFIRMED in part; REVERSED in part and REMANDED.
WARNER and GROSS, JJ., concur.